IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| MULTIMEDIA TECHNOLOGIES PTE. LTD., §<br>§<br>§<br>*Plaintiff*, §<br>§<br>v. §<br>§<br>VIZIO, INC., §<br>§<br>*Defendants*. §<br>§ | CIVIL ACTION NO. 2:23-CV-00124-JRG-RSP |

**MEMORANDUM ORDER**

Before the Court are Defendant Vizio, Inc.'s Motion to Strike Plaintiff's Infringement Contentions (**Dkt. No 54**) and Plaintiff's Motion for Leave to Amend Infringement Contentions. (**Dkt. No. 58**.) The Court **DENIES** Defendant's Motion and **GRANTS** Plaintiff's Motion as provided below.

### I.   BACKGROUND

On July 20, 2023, Multimedia served its infringement contentions covering 135 claims and ten patents relating to television user interfaces and reporting functionality. (Dkt. No. 54 at 2.) On August 21, 2023, Vizio complained of several deficiencies in the contentions. (*Id*.) On September 28, 2023, Vizio produced an initial production of nearly fifteen thousand documents relating to the accused products. (*Id*.) On December 15, 2023, Multimedia complained of Vizio's production as deficient, in particular not containing source code. (*Id*.) Vizio responded requesting greater specificity as to the technical documents and source code sought but Multimedia did not initially respond. (*Id*. at 2-3.) On February 8, 2024, Vizio made an additional technical production including making source code available for inspection. (*Id*.) On March 4, 2024, Multimedia began its review of the source code produced. (*Id*.)

Shortly after, Vizio filed its current motion to strike, requesting that the Court strike certain of Multimedia's infringement contentions without leave to amend. (*See id*.) At the same time as its opposition

to Vizio's motion, Multimedia filed a motion to amend addressing many of the complained of deficiencies. (*See* Dkt. No. 58.)

The deadline to complete fact discovery is August 6, 2024. (Dkt. No. 46 at 3.)

## II.     APPLICABLE LAW

"[A] party claiming patent infringement must serve on all parties" infringement contentions. P.R. 3-1. "Amendment or supplementation of any Infringement Contentions or Invalidity Contentions . . . may be made only by order of the Court, which shall be entered only upon a showing of good cause." P.R. 3-6(b). "Good cause," according to the Federal Circuit, "requires a showing of diligence." *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1366 (Fed. Cir. 2006). Courts in this District routinely apply a four-factor test to determine whether good cause has been shown. *See Alt v. Medtronic, Inc.*, No. 2:04-CV-370, 2006 WL 278868, at *2 (E.D. Tex. Feb. 1, 2006) (citation omitted). Those four factors are: (1) the explanation for the failure to meet the deadline; (2) potential prejudice in allowing the thing that would be excluded; (3) the importance of the thing that would be excluded; and (4) the availability of a continuance to cure such prejudice. The burden of proving good cause rests with the party seeking the untimely amendment. *Id*; *S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 536 (5th Cir. 2003)).

## III.    ANALYSIS

Vizio contends that Multimedia's infringement contentions fail to satisfy P.R. 3-1 by failing to meet the requisite level of specificity. (Dkt. No. 54 at 4-5.) Vizio points to Multimedia's charts for the '393 patent "directed to generating, storing, formatting, and sending reports." (*Id*. at 5.) Vizio points out that for limitations 1[c]-1[j] Multimedia only provides a recitation of the limitation and "As will be shown following further discovery, and as indicated by the Vizio Privacy and Data Policies, the Accused Instrumentalities generate reports[1] in accordance with this limitation. See Claim 1[b]." (*Id*.) Vizio

---
[1] This language is changed based on the particular limitation.

contends limitation 1[b]'s discussion of "Vizio Privacy and Data Policies" is uninstructive, providing two screenshots with no substantive discussion. (*Id*. at 7.) Vizio contends Multimedia continues this across various claims and limitations in all of its infringement contentions. (*Id*. at 7-8.) Vizio requests the Court strike such contentions as demonstrating Multimedia put no effort into complying with the local rules. (*Id*. at 8-9.)

Vizio similarly identifies a variety of "determining …" limitations where it contends Multimedia has failed to allege or adequately explain how any determination is made. (*Id*. at 9-11.) In other instances, Vizio contends Multimedia fails to explain how certain identified features demonstrate the alleged limitation. (*Id*. at 12-13.)

Lastly, Vizio contends Multimedia never invoked the Discovery Order's Software Limitation Provision providing "[i]f a party claiming patent infringement asserts that a claim element is a software limitation, the party need not comply with P.R. 3-1 for those elements until 30 days after source code for each Accused Instrumentality is produced by the opposing party." (*Id*. at 14.) Vizio contends that to invoke this provision Multimedia needed to assert that a claim element is a software element in an express way. (*Id*. (citing *SSL Servs., LLC v. Cisco Sys., Inc.*, No. 215CV00433JRGRSP, 2016 WL 727673, at *7 (E.D. Tex. Feb. 24, 2016)).) Vizio contends Multimedia's footnote, broadly contending some elements are software limitations, is insufficient. (*Id*. at 15.)

Multimedia responds that it should be permitted to amend the contentions that stated "will be shown following further discovery," now that it has received such discovery. (Dkt. No. 59. At 7.) Multimedia contends that the particular features accused of infringement are non-public and thus Multimedia had satisfied its burden by contending infringement as best it could based on publicly available information. (*Id*. at 8.) In particular, Multimedia contends that Vizio's Automated Content Recognition technology forming the basis for much of the complained of contentions is non-public. (*Id*.) Multimedia

3

contends Vizio has not shown otherwise since Vizio did not argue any publicly-available information exists that could have been used. (*Id*.)

As to the determining limitations, Multimedia contends these are not a disclosure issue but one for summary judgment. (*Id*. at 12.) Multimedia contends instead of complaining of its disclosures, Vizio merely disagrees with Multimedia's contentions. (*Id*. at 13.) As an example, Multimedia contends that for limitation 1(c) of the '168 Patent, Multimedia provides "selection of 'Show Inputs' from the 'Apps and Inputs' panel causes the Vizio Smart TV to determine that a second navigation bar can be rendered (and is rendered horizontally) by way of displaying new app icons." (*Id*.) Multimedia goes on to identify other such examples. (*Id*. at 13-15.)

In opposition to Multimedia's separate motion to amend, Vizio contends that the proposed amendments necessarily introduce new theories and do not cure the deficiencies Vizio previously identified in line with the determining limitation. (Dkt. No. 63.) However, this is an issue for a dispositive motion. The Court is not inclined to split hairs on which portions of a limitation is met or not met by the cited material on a motion to strike or in opposition to a motion to amend. If Multimedia has not addressed a limitation, it cannot show infringement, and this is an issue for dispositive motions, not procedural disputes around contentions.

As to good cause, the Court finds that Multimedia was not diligent in seeking to amend its contentions but is not solely at fault for this lack of diligence. Vizio delayed its production of source code and both parties were slow in addressing and resolving discovery disputes. Thus, this factor weighs somewhat against Multimedia but does not foreclose amendment.

Importance here is clear. This factor weighs in favor of amendment. On balance, the Court finds the factors weigh in favor of **GRANTING** Multimedia's motion to amend.

## IV. CONCLUSION

As provided above, the Court **DENIES** Vizio's motion to strike and **GRANTS** Multimedia's motion to amend.

**SIGNED this 27th day of May, 2024.**

ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE